# Richmond

## LYNN E. GREEAR v. NOLAND COMPANY, INCORPORATED.

September 14, 1955.

Record No. 4388.

Present, All the Justices.

The opinion states the case.

*Fred B. Greear* and *Chester Stafford*, for the plaintiff in error.

*Dillow & Andrews*, for the defendant in error.

SMITH, J., delivered the opinion of the court.

This action was instituted by Lynn E. Greear, plaintiff, against Noland Company, Incorporated, defendant, to recover damages for personal injuries received when he was struck by a truck driven by Wesley Abraham Woolwine, agent of defendant. A jury trial resulted in a verdict for the defendant on which the trial court entered final judgment. This writ of error brings that judgment here for review. Plaintiff assigns error to the action of the trial court in granting certain instructions and in admitting certain evidence.

There is no substantial conflict in the evidence. It shows that on January 23, 1953, about 1:30 p. m., the plaintiff, who was a supervisor for the Department of Highways, was driving his automobile along Route 100 between Narrows and Pearisburg in Giles county when he overtook a station wagon in which three men under his supervision were riding. Both vehicles were traveling east. After passing the station wagon and signaling its driver to stop, plaintiff drove his car onto the right shoulder of the road and stopped. The driver of the station wagon also stopped on the right shoulder, 30 to 50 feet behind plaintiff and about 30 inches off the hard surface. Plaintiff got out of his car and walked back along the shoulder to the station wagon where he stopped at the front door next to the driver and inquired as to the health of one of his men. During this conversation, and after about 30 to 40 seconds, he was struck and severely injured by a dual wheel truck, owned by defendant and operated by defendant's agent, traveling in an easterly direction.

The bed of defendant's truck was eight feet wide and extended 12 inches on each side beyond the width of its front portion or cab. The corner of this extended bed struck plaintiff along his right side between his hip and shoulder. At the point of impact the road was straight, a little over 21 feet wide and visibility from that point west to where the highway went over a knoll and out of

sight was estimated at from 300 yards to a quarter of a mile. The road was dry and the weather clear.

Woolwine, the driver of defendant's truck, testified that when he came over the knoll about a quarter of a mile west of the station wagon he saw a man "standing between the station wagon and the hard surface." He did not know whether this man was "getting out or getting in, or what, but I just kept my certain speed right on." He also testified that from the time he first observed the plaintiff, he saw him "up until my front end of the truck passed him," and that he at no time prior to the accident saw the plaintiff on the hard surface of the road. He further testified that no other vehicles were traveling along the highway at the place of the collision; that he did not sound his horn, and that he was driving on the hard surface of his right hand lane.

The plaintiff testified that at the time of the accident he was standing "a foot or more" off the hard surface with his right forearm resting on the door of the station wagon. When questioned as to whether he saw the truck prior to the accident, plaintiff testified: "I don't remember exactly seeing it. I was bound to have seen it. * * * I don't remember. I couldn't definitely say I saw it."

Upon requests of counsel for the parties the trial court granted 11 instructions for the plaintiff and 7 for the defendant. In this case, where the controlling facts are not complicated and the issues clear, we find that many of the instructions are repetitious and could only have confused and misled the jury rather than guided them in their deliberations. It is doubtful whether a jury could fully understand and apply them intelligently. See *Green* v. *Ruffin*, 141 Va. 628, 125 S. E. 742; *Washington, Etc., Ry.* v. *Thompson*, 136 Va. 597, 118 S. E. 76.

■ Plaintiff assigns error to the granting of Instruction O, which reads as follows: "The Court instructs the jury that if you believe from the evidence that Woolwine drove the Noland truck on his right and proper side of the highway and that immediately prior to the accident the Plaintiff, Greear, saw the truck approaching, or by the exercise of ordinary care should have seen said truck approaching, and that *thereafter* Greear placed himself so close to the hard-surfaced portion of the highway, and unwittingly, carelessly and in disregard of the dictates of self-preservation, *knowing of the approach of said truck, remained in a dangerous position*, and if you further believe from the evidence that Greear's position either

proximately caused, or contributed to cause his own injury, then he is not entitled to recover and the doctrine of last clear chance does not apply in this case." (Italics supplied).

The evidence is undisputed that plaintiff did not and could not have seen the truck prior to placing himself between the station wagon and the hard surface of the road. The defendant's truck driver testified that plaintiff was standing beside the station wagon when it first came into his view as he came over a knoll at least 300 yards away, and that he did not change his position prior to the accident. Although plaintiff testified that he was bound to have seen the truck if it were in view as he walked along the shoulder, he did not remember whether he saw it at any time prior to the collision. The three occupants of the station wagon testified that they did not see or hear the truck and no witness testified that plaintiff at any time changed his position between the station wagon and the hard surface prior to the accident. Hence there is no evidence on which the jury should find that *after* plaintiff saw or could have seen the truck he placed himself next to the highway and "knowing of the approach of said truck remained in a dangerous position." Furthermore, the instruction is misleading and improperly assumes that plaintiff was in a "dangerous position."

■ Error is also assigned to the granting of Instructions M and N. Both of these instructions, as well as C-1 and E, in effect told the jury that if they believed from the evidence that plaintiff placed himself in a dangerous position where he might be struck by a passing vehicle using the highway, then it was his duty to maintain such a lookout as an ordinarily prudent man would have maintained under the circumstances. Upon retrial only one instruction presenting this issue should be given.

■ Plaintiff next complains of the action of the trial court in admitting over his objection certain evidence as to the distance the station wagon could have been parked from the hard surface of the highway.

At the place where this accident occurred there was a wide fill which was approximately level with the highway and extended more than 200 feet from the hard surface of the road. When counsel for defendant cross examined the first witness on this point, counsel for plaintiff objected and the trial court said: "I shall overrule the objection to the question as to whether or not he could have gotten it further over. I think that is the whole thing here.

You might ask him how much farther over. Just ask that." In addition to continuing this line of questioning in cross examining plaintiff's witnesses, counsel for defendant also called two other witnesses for the purpose of showing how far from the hard surface the station wagon could have been parked.

Clearly the persistent efforts of the defendant to show "how much farther over" the station wagon could have been removed from the hard surface, and the ruling of the court in the presence of the jury, tended to convey to the jury the idea that whether the plaintiff could recover damages was dependent on whether the station wagon had been properly parked. The plaintiff did not park the station wagon and whether it could have been parked further from the hard surface was irrelevant and immaterial to the issues in the case. While the trial court under Instruction No. 10 told the jury that plaintiff was not guilty of negligence because the station wagon could have been parked further away from the hard surface of the road, this instruction did not clearly and specifically direct the attention of the jury to the fact that the admitted evidence on this point was wholly irrelevant to any issue in the case, and that they should disregard the court's comment to the effect that the "whole thing here" was whether the station wagon could have been parked further away from the hard surface. Although error in the admission of improper evidence may be cured by a proper instruction to disregard it, Instruction No. 10 was not sufficiently specific as a direction to disregard the evidence which had here occupied a large part of the trial. This evidence was misleading to the jury, prejudicial to the plaintiff and should have been excluded. *Washington-Va. Ry. Co.* v. *Deahl,* 126 Va. 141, 153, 100 S. E. 840; *Norfolk Sou. R. Co.* v. *Banks,* 141 Va. 715, 126 S. E. 662; *Coffey* v. *Commonwealth,* 188 Va. 629, 51 S. E. (2d) 215.

■ The truck driver testified, as stated, that he saw plaintiff for a distance of at least 300 yards; that plaintiff was never on the hard surface and that "I just kept my certain speed right on" and struck him. The truck driver gave no explanation of why he made no effort whatsoever to avoid the accident, which he could have done by a slight turn to the left. In that situation a proper instruction on last clear chance was warranted.

We have said a number of times that the last clear chance doctrine does not supersede the principle of contributory negligence, meaning negligence on the part of the injured person which con-

tributed as a proximate cause to his injury. *Lanier* v. *Johnson*, 190 Va. 1, 55 S. E. (2d) 442.

The last clear chance doctrine, whether considered as a limitation upon or an exception to the strict common law rule of contributory negligence, allows a negligent plaintiff to recover only if his negligence was in fact not a proximate cause, but only a remote cause or condition, of the accident, and the negligence of the defendant was the sole proximate cause. *Hopson* v. *Goolsby*, 196 Va. 832, 840, 86 S. E. (2d) 149, 154.

We have said in many of our cases that where the opportunity to avoid an accident is as available to the plaintiff as to the defendant, then the plaintiff's negligence is not a remote cause of the accident but continues as a proximate cause. *Lanier* v. *Johnson, supra,* and cases there cited.

The application of this contributory negligence rule presents no difficulty in the case of the helpless plaintiff because his negligence has ceased to operate as a proximate cause. It has resulted in some confusion in the case of the plaintiff who was not helpless, only unconscious of his situation. The difference of opinion as to the treatment of the latter type of case is illustrated in *Anderson* v. *Payne*, 189 Va. 712, 54 S. E. (2d) 82, and *Lanier* v. *Johnson, supra*. As pointed out, however, in the valuable article by E. Calvin Van Dyck in 40 Va. Law Rev. 637, this difference is in reality a difference in approach, one from the standpoint of contributory negligence as a proximate cause, and the other from the standpoint of denying the protection of the doctrine to a negligently inattentive plaintiff unless the defendant saw him and realized, or should have realized, his situation of peril in time to avert the accident.

While both approaches have come to the same result in all the cases since *Anderson* v. *Payne*, the contributory negligence approach does not provide a guide for applying it in the case of the plaintiff who is not helpless but only unconscious of his situation. In the hope of affording a more precise method of applying the last clear chance doctrine, we adopt the following rule:

Where the injured person has ·negligently placed himself in a situation of peril from which he is physically unable to remove himself, the defendant is liable if he saw, or should have seen, him in time to avert the accident by using reasonable care. Where the plaintiff has negligently placed himself in a situation of peril from which he is physically able to remove himself, but is unconscious

of his peril, the defendant is liable only if he saw the plaintiff and realized, or ought to have realized, his peril in time to avert the accident by using reasonable care.

If upon retrial of this case there is credible evidence showing that the plaintiff, Greear, negligently placed himself in a situation of peril between the hard surface of the highway and the parked station wagon, from which situation he was physically able to remove himself, but of which danger he was unconscious, and that the truck driver saw him in such situation and realized, or should have realized, his danger in time to have avoided striking him by using reasonable care, then the jury should be told in an appropriate last clear chance instruction (embodying this principle) that under such facts Greear would be entitled to recover.

For the reasons stated the judgment is reversed and the case remanded for a new trial consistent with the views herein expressed.

*Reversed and remanded.*