## Staunton

LLOYD EDWARD SMITH v. JOHN HENRY SPRADLIN.

September 11, 1963.

Record No. 5576.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

The opinion states the case.

*William Rosenberger, Jr.,* for the plaintiff in error.

*J. Frank Shepherd* (*Paul Whitehead,* on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

This action was instituted by John Henry Spradlin, plaintiff, to recover damages for personal injuries received when he, a pedes-

trian, was struck while crossing a street by an automobile operated by Lloyd Edward Smith, defendant. A jury trial resulted in a verdict of $20,000 for the plaintiff on which the trial court entered judgment.

The defendant assigns error to the action of the court in refusing to strike plaintiff's evidence on the ground that plaintiff was guilty of negligence which was a proximate cause of the collision and his injuries; in granting certain instructions, and in refusing to set aside the verdict as being contrary to the law and the evidence.

The evidence was conflicting, but since the case is before us upon a jury's verdict which bears the approval of the trial court we are required to view the evidence in the light most favorable to the prevailing party.

The accident occurred in Lynchburg on June 21, 1960, at approximately 8:40 p.m. on Fort avenue, between the intersections of Toledo avenue and Lindsay street. Fort avenue at that point runs generally north and south, was 40½ feet wide from curb to curb, was straight for some distance and hard-surfaced. In the center thereof was a broken white line which separated northbound and southbound traffic. The street was dry and it was "close cloudy". There were street lights in the vicinity of the accident.

The plaintiff, who had been driving north on Fort avenue, parked his automobile on the east side of the avenue almost opposite a delicatessen store located on the west side which he intended to patronize. His young daughter, Linda, was a passenger in the car and remained therein until after the impact. Vehicles were also parked on the west side in front of the store. The plaintiff testified that he alighted from the left side of his automobile and looked in both directions. He saw defendant's car proceeding toward him from the south about two and one-half blocks distant and other vehicles approaching from the north, one of which was approximately 50 feet from him when he started to cross Fort avenue between the intersections. He stopped with both feet on the broken white line in the center of the avenue to await the passing of the cars in the southbound lane. At that time he looked "back south" and defendant's vehicle was about one block from him. The next or third time he looked he said defendant's vehicle was 12 or 15 feet away traveling between 35 and 40 miles per hour "or more." He testified: "I could have done something, yes. I could have jumped over in the other lane and the southbound car would have hit me. I couldn't go back or I would get run over so I was just helpless, that is all it was."

According to plaintiff, he remained on the white line 30 seconds before being struck by the left front of defendant's vehicle. His feet protruded 2 inches in the southbound lane and 6 inches in the northbound lane. Defendant's car laid down straight double skid marks of 47 feet in the northbound lane made by all four wheels which were locked. The mark made by the left wheels was approximately 2 feet from the center white line. After the impact plaintiff was lying completely in the southbound lane about 12 feet north of the point where the skid marks ended.

The defendant testified that he was traveling approximately 25 or 30 miles per hour; that he drove "closer to the white line" as he approached the parked cars; that plaintiff came from between the parked cars and was about 2 steps in the avenue walking toward the center of it, "not looking either way", when he first saw him, which was at a distance of less than 50 feet, and that he "jammed his brakes" and his car skidded as plaintiff continued to walk. The defendant further stated that he tried to cut around plaintiff but could not do so in time because his wheels locked and he "was too close to avoid hitting him"; that his vehicle "was just about to stop when it hit him", and that he did everything he could to avoid the mishap.

The trial court ruled that the doctrine of last clear chance was applicable and an instruction offered by plaintiff to that effect was granted over the objection and exception of defendant. The defendant contends that plaintiff was guilty of negligence which was a proximate cause of the accident as a matter of law, and that under the evidence adduced the doctrine of last clear chance was not applicable.

Here, the plaintiff in the nighttime left a place of safety and proceeded to cross the street between intersections in violation of § 46.1-230, Code of 1950, when he knew that traffic was approaching in both directions. The intersection was only about 100 feet from where he attempted to cross. He knew or should have known in the exercise of ordinary care that he could not continue across without stopping in the center of the street because he testified that when he started to cross Fort avenue one of the cars in the southbound lane was about 50 feet from him and others were following. As we said in *Hopson* v. *Goolsby*, 196 Va. 832, 838, 86 S. E. 2d 149: "In view of the mounting volume of traffic we think the center of a city or town street is not to be considered as a 'comparative zone of

safety' * * *." Moreover, at the scene of the accident vehicles were parked at the curbs in both 20-foot lanes of travel which required operators to drive nearer the center of the street. We think plaintiff's own evidence clearly shows that he was guilty of contributory negligence as a matter of law and he is, therefore, barred from recovery unless his case comes under the canopy of the doctrine of last clear chance.

Prior to *Greear* v. *Noland Company*, 197 Va. 233, 89 S. E. 2d 49, the law of this Commonwealth on last clear chance was not definite. In that case we re-examined the doctrine and adopted by a unanimous opinion a rule which is in line with the weight of authority. We said that the doctrine of last clear chance applies, "[1] Where the injured person has negligently placed himself in a situation of peril from which he is physically unable to remove himself, the defendant is liable if he saw, or should have seen, him in time to avert the accident by using reasonable care. [2] Where the plaintiff has negligently placed himself in a situation of peril from which he is physically able to remove himself, but is unconscious of his peril, the defendant is liable only if he saw the plaintiff and realized, or ought to have realized, his peril in time to avert the accident by using reasonable care." 197 Va. pp. 238, 239; *Railway Company* v. *Hagy*, 201 Va. 183, 191, 110 S. E. 2d 177. See also "Virginia's New Last Clear Chance Doctrine", by Dean William T. Muse, Vol. 1, No. 2, University of Richmond Law Notes, p. 67.

The plaintiff concedes that the second class in the above-mentioned rule has no application here, but he insists that the facts and circumstances bring his case within the first class of the doctrine; that is, the plaintiff negligently placed himself in a situation of peril from which he was physically unable to remove himself, and Spradlin, the defendant, saw or should have seen him in time to avert the accident by using reasonable care.

A plaintiff cannot recover under the doctrine on a mere peradventure. The onus is upon him to show by a preponderance of the evidence, under the first class of the rule, that he was negligently in a situation of peril from which he was physically unable to remove himself, and that the defendant saw, or should have seen, him in time to avoid the injury by using reasonable care. As the name of the doctrine implies, the defendant's chance must be a last chance and a clear chance in order for there to be a recovery under it. *Anderson* v. *Payne*, 189 Va. 712, 719, 54 S. E. 2d 82.

"The last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectively act upon the impulse to save another from injury." *Barnes* v. *Ashworth*, 154 Va. 218, 250, 153 S. E. 711; 38 Am. Jur., Negligence, § 219, p. 905. See also *Davis, Adm'x* v. *Scarborough*, 199 Va. 100, 107, 97 S. E. 2d 731.

Here, the plaintiff testified he was "helpless", but no evidence was introduced showing that the defendant actually had a last clear chance to avoid striking him. It might be inferred from the surrounding conditions at the scene that defendant could have steered his vehicle to the right of plaintiff and missed striking him, but probabilities are not enough. *Stark* v. *Hubbard*, 187 Va. 820, 825, 48 S. E. 2d 216. The undisputed evidence was that when defendant saw plaintiff and realized his position of peril, he "jammed his brakes", the wheels locked and the vehicle skidded 47 feet in a straight line. He attempted to cut his car to the right and avoid striking plaintiff but the distance and locked wheels prevented him from doing so before the impact. There was no evidence showing that defendant should have seen and realized plaintiff's perilous position before he actually did. No last clear chance to avoid the accident was available to defendant after he saw or should have seen that plaintiff was in such a position.

After discovering plaintiff's peril, he did all that could be reasonably expected of him. There is nothing to indicate that an ordinarily prudent person would have or could have done otherwise. There has been no showing that the defendant did not use carefully his then available ability to avoid the injury.

In Restatement of Torts, Vol. 2, § 479, p. 1256, it is stated:

"In order that the defendant may be liable under the rule stated in this Section, it is necessary that after he has discovered or should have discovered the plaintiff's peril he should have had the ability to avert the accident if he had used due care and competence in utilizing it. If the defendant, after discovering the plaintiff's peril, does all that can reasonably be expected of him, the fact that his efforts are defeated by antecedent lack of preparation or a previous course of negligent conduct is not sufficient to make him liable. All that is required of him is that he use carefully his then available ability. * * *."

The doctrine of last clear chance is inapplicable, because the evidence is insufficient to show that defendant had a last clear chance to avoid the injury. The trial court erred in granting an instruction on this theory.

In view of the conclusion we have reached, it becomes unnecessary to discuss other instructions claimed to have been erroneously given.

Since we find that the plaintiff was contributorily negligent as a matter of law and that the doctrine of last clear chance is inapplicable, the judgment appealed from is reversed, the verdict set aside and final judgment is here entered for the defendant.

*Reversed and final judgment.*