Present:  All the Justices

HARVEY R. WILLIAMS, SR.,
ADMINISTRATOR OF THE ESTATE
OF HARVEY R. WILLIAMS, JR.

v.    Record No. 970880    OPINION BY JUSTICE ELIZABETH B. LACY
                                          February 27, 1998
JEFFREY L. HARRISON

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

In this appeal, we consider issues of contributory negligence and last clear chance.

On the night of December 14, 1994, Harvey R. Williams, Jr. (Harvey), Jeffrey L. Harrison, and two of their friends were driving through a subdivision in Fairfax County in four separate cars.  Harvey's vehicle was second in the line, followed by Harrison's vehicle.  Harvey and Harrison were driving at speeds of approximately 60-65 miles per hour and 45 miles per hour, respectively.  The speed limit was 35 miles per hour.

Shortly after cresting a hill, Harvey braked suddenly, skidding in a straight line.  When Harrison crested the hill and saw the brake lights and the smoke emanating from the tires of Harvey's car, he moved from the right lane into the center turn lane, hoping to avoid Harvey's car by passing it on the left side.  But Harvey also turned his car to the left, in front of Harrison's car.  Both cars ultimately entered the

far left lane where Harrison's car struck Harvey's car. Harvey died from injuries sustained in the collision. Harrison was later convicted of involuntary manslaughter.

Harvey R. Williams, Sr. (Williams), qualified as administrator of Harvey's estate and filed a wrongful death action against Harrison. After a two-day trial, the jury returned a verdict in favor of Harrison. Williams raises three issues on appeal: (1) whether the trial court erred in denying his motion in limine and allowing Harrison to assert the defense of contributory negligence, despite Harrison's manslaughter conviction; (2) whether the trial court erred in refusing to instruct the jury on last clear chance; and (3) whether the trial court improperly limited the scope of Williams' cross-examination of Harrison. We consider the issues in order.

I.

Prior to trial, Williams filed a motion in limine, asserting that the ex turpi causa doctrine should be applied to prevent Harrison from raising the defense of contributory negligence. Williams relied on a circuit court case in which the ex turpi causa doctrine was applied to preclude a defendant convicted of manslaughter from raising the contributory negligence defense. The trial court rejected the application of ex turpi causa concluding that the plea of

contributory negligence did not involve the wrongdoing of the defendant but rather the wrongdoing of the plaintiff, and denied the motion in limine.

On appeal, Williams shifts the focus of his argument. He no longer relies primarily on the doctrine of ex turpi causa, but argues instead that this case is directly controlled by Matthews v. Warner's Administrator, 70 Va. (29 Gratt.) 570 (1877). According to Williams, Matthews held that a defendant convicted of murder or manslaughter cannot assert the defense of contributory negligence in a subsequent wrongful death action. Williams argues that, even if we do not adopt his interpretation of Matthews, we should not allow Harrison to assert contributory negligence based on the ex turpi causa doctrine that no one should profit by his illegal act.

We reject Williams' position. First, Matthews does not stand for the principle espoused by Williams and is not applicable to this case. Second, we find that ex turpi causa should not be extended to preclude the contributory negligence defense in these circumstances.

In Matthews, Franklin M. Matthews shot and killed Montesco Warner after Matthews received "abusive language" from Warner. 70 Va. (29 Gratt.) at 570. In the ensuing wrongful death action, this Court refused to allow Matthews to raise the defense of contributory negligence because Warner's

3

death "was not caused by negligence; it was caused by violence -- by a wrongful act . . . . [W]hether it was murder in the first degree, or murder in the second degree, or manslaughter, it is still a wrongful act, which is actionable under the [wrongful death] statute."  Id. at 578.  Williams erroneously relies on this language for the principle that a manslaughter conviction precludes a contributory negligence defense in a subsequent wrongful death action.

The import of this language must be determined in light of the entire proceeding.  Warner's wrongful death action was based on an intentional tort, not on negligence.  The motion for judgment alleged that Matthews "feloniously, willfully and of his malice aforethought did discharge and shoot" Warner. The language at issue and the holding of Matthews, therefore, simply reflect the familiar principle that contributory negligence is not a defense to an intentional tort. Restatement (Second) of Torts § 481 (1965).  As we have stated, in the absence of primary negligence by the defendant, contributory negligence cannot exist.  Andrews v. Chesapeake & Ohio Ry. Co., 184 Va. 951, 956, 37 S.E.2d 29, 31 (1946); Shumaker's Adm'x v. Atlantic Coast Line R.R. Co., 125 Va. 393, 401, 99 S.E. 739, 741 (1919).

The holding in Matthews, that an action for an intentional tort may not be defended with allegations of

4

contributory negligence, is inapplicable to the instant case because Williams' action here was premised on a negligence theory. In his motion for judgment, Williams alleged that Harrison "had a duty to operate his automobile without negligence," that he breached that duty by operating his vehicle "carelessly and negligently," and that this breach resulted in Harvey's death. Because Williams' wrongful death action is based on negligence, not an intentional tort, Harrison was entitled to raise the contributory negligence defense.

Finally, we decline Williams' invitation to preclude Harrison's use of the contributory negligence defense based on the policy that no one should profit from his illegal act, the ex turpi causa doctrine. Williams cites no appellate case from this Court or elsewhere which has extended this doctrine as Williams suggests. This lack of precedent is understandable. The defense of contributory negligence does not allow a defendant to profit from his misdeeds. We find no persuasive rationale for applying the doctrine of ex turpi causa to prohibit the defendant from raising the defense of contributory negligence in this case.

Accordingly, we find that the trial court did not err in denying Williams' motion in limine and allowing the defendant to raise contributory negligence as a defense.

II.

We next consider Williams' second assignment of error, that the trial court erred in refusing to instruct the jury on last clear chance.

Prior to our decision in Greear v. Noland Co., 197 Va. 233, 89 S.E.2d 49 (1955), the law regarding the doctrine of last clear chance was "in a state of hopeless confusion." Pack v. Doe, 236 Va. 323, 328, 374 S.E.2d 22, 24-25 (1988). Greear clarified the doctrine. Id. The last clear chance doctrine applies in two situations: (1) where the injured party has negligently placed himself in a position of peril from which he is physically unable to remove himself (the helpless plaintiff); and (2) where the injured party has negligently placed himself in a position of peril from which he is physically able to remove himself, but he is unconscious of his peril (the inattentive plaintiff). Id. at 328-29, 374 S.E.2d at 25.

In the first situation, the plaintiff must be "physically incapacitated" to qualify as a helpless plaintiff, Vanlandingham v. Vanlandingham, 212 Va. 856, 858, 188 S.E.2d 96, 98 (1972), and the defendant is liable if he saw or should have seen the helpless plaintiff. In the second situation, the defendant is liable only if he actually saw the inattentive plaintiff. In either case, however, liability is

6

further predicated upon a showing that the defendant realized or ought to have realized the peril of the helpless or inattentive plaintiff in time to avert the accident by use of reasonable care. Pack, 236 Va. at 329, 374 S.E.2d at 25; Greear, 197 Va. at 238-39, 89 S.E.2d at 53.

A final principle applicable to the last clear chance doctrine, is that last clear chance does not supersede contributory negligence. A negligent plaintiff may recover only if his negligence was a remote rather than a proximate cause of the accident. If the opportunity to avoid the accident is as available to a plaintiff as to a defendant, then the plaintiff's negligence is a proximate cause rather than a remote cause, and bars recovery. Cook v. Shoulder, 200 Va. 281, 285-86, 105 S.E.2d 860, 863 (1958). The plaintiff has the burden of establishing each element of the doctrine by a preponderance of the evidence. Pack, 236 Va. at 329, 374 S.E.2d at 25.

In all but one case in which we have considered this issue since 1955, Turner v. Railway Company, 205 Va. 691, 139 S.E.2d 68 (1964), we have declined to require the application of the doctrine, and we decline to do so here. Williams, like the other plaintiffs, has failed to provide evidence of each element necessary to invoke the last clear chance doctrine.

7

Williams argues that he was entitled to the last clear chance instruction under the second classification, the inattentive plaintiff, even though the jury instruction offered by Williams and denied by the trial court, instruction No. 13, described a helpless, not an inattentive, plaintiff.  Nevertheless, Williams was not entitled to the instruction on either ground because the record contains no evidence showing that Harvey was physically incapacitated or that he was unaware of the peril in which he had placed himself.  Further, the collision occurred after both Harrison and Harvey moved from the right lane, across the center turn lane, and into the left lane for oncoming traffic.  Harvey's action in crossing into the left lane was a proximate cause of the accident, not a remote cause.  Therefore, Williams was not entitled to the last clear chance instruction.

### III.

Finally, Williams asserts that the trial court improperly limited his cross-examination of Harrison.  However, Williams did not proffer the additional questions he intended to ask or the additional testimony he expected to elicit from further cross-examination, nor was he prevented from doing so by the trial court.  See Brown v. Commonwealth, 246 Va. 460, 464-65, 437 S.E.2d 563, 564-65 (1993).  In the absence of a proffer,

we will not consider this issue on appeal.  Clagett v. Commonwealth, 252 Va. 79, 95, 472 S.E.2d 263, 272, cert. denied, ___ U.S. ___, 117 S.Ct. 972 (1996); Chappell v. Virginia Electric and Power Co., 250 Va. 169, 173—74, 458 S.E.2d 282, 284-85 (1995).

Accordingly, because the trial court did not err in allowing Harrison to raise the defense of contributory negligence or in refusing to instruct the jury on last clear chance, we will affirm the judgment of the trial court.

Affirmed.