COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


SYLVESTER GARY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0720-99-2        JUDGE ROSEMARIE ANNUNZIATA
                                         MAY 2, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Thomas N. Nance, Judge

          William T. Linka (Boatwright & Linka, on
          brief), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Sylvester Gary was convicted by a jury for the first-degree

murder of his wife, in violation of Code § 18.2-32; use of a

firearm in commission of that offense in violation of Code

§ 18.2-53.1; two counts of attempted first-degree murder in

violation of Code §§ 18.2-32 and 18.2-26; two counts of use of a

firearm in commission of those offenses; aggravated malicious

wounding of Alice Harris in violation of Code § 18.2-51.2; use

of a firearm in commission of that offense; and malicious

discharge of a firearm at an occupied dwelling in violation of

Code § 18.2-279.  He was sentenced on these convictions to serve

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

a total of 93 years in prison, and final judgment was entered on July 20, 1998.  He appeals these convictions on the ground that the trial court abused its discretion in ruling that the unredacted videotape of his post-arrest interview with the police was inadmissible.  We disagree and affirm his convictions.

FACTS

We review the evidence in the light most favorable to the Commonwealth, the party prevailing below, giving it all reasonable inferences fairly deducible therefrom.  See Taylor v. Commonwealth, 31 Va. App. 54, 64, 521 S.E.2d 293, 298 (1999). Gary and his wife, Cynthia Gary, separated in late November, 1997 after almost twenty years of marriage, a period which was punctuated by Cynthia's separation from her husband six or seven times, followed by reconciliations.  On the last occasion of the couple's separation, Cynthia removed her belongings to the home of her mother, Mabel Cunningham, located two doors from the marital home.  Cynthia's brother, Calvin Cunningham, also resided at the mother's home.  Neither Mabel nor Calvin Cunningham got along well with Gary due to a 1995 confrontation, and a peace bond against Gary had been issued at Mabel's instance barring him from her property.  She also would not permit him to telephone her home.  Gary blamed Mabel and Calvin for the difficulties he had with his wife, and frequently spoke

- 2 -

in derogation of them.  With reference to Calvin, he stated that he "could kill that son-of-a-bitch."

On the day of the incident giving rise to the charges underlying Gary's convictions, a confrontation and argument took place between Gary's daughter, Mary Tanner, and Cynthia.  The confrontation came on the heels of several incidents in which Cynthia rebuffed Gary's attempts to persuade her to return to the marital home.

Overhearing the confrontation between his wife and daughter, Gary became upset, threw his hands up over his head, and went into his house, emerging seconds later with a 12-gauge pump action shotgun loaded with four powerful magnum shotgun slug shells.  He pointed the gun at Cynthia and fired, killing her.  Mabel and Calvin Cunningham stood nearby, and when they saw Gary shoot Cynthia they ran back into their home.  Gary left his porch, from which he had fired the gun, walked past his wife lying on the sidewalk and down the walk to his mother-in-law's home, and there fired three more shots, two of which penetrated the front door and struck Alice Harris, Cynthia's sister, in the hip.

After his arrest, Gary was interviewed at police headquarters by Detective Ray Williams, during which Gary made various admissions, including the admission that he had retrieved the shotgun from its location under the sofa in his

home and that he shot his wife.  A videotape of the interview was made by the police.

At the trial on the charges emanating from this incident, Detective Williams testified to portions of Gary's confession. The Commonwealth did not seek to introduce the videotape, and no reference was made to it during the Commonwealth's case-in-chief.  However, during cross-examination of Williams, defense counsel referred to the videotape of the interview.  The prosecutor objected to the reference on the ground of hearsay, noting that the videotape contained crying and self-serving statements.  The court permitted defense counsel to ask Williams about Gary's emotional state, but denied admission of the entire tape unless the exculpatory and self-serving portions were redacted.

## ANALYSIS

Gary's claim on appeal that the court erred by refusing to admit the unredacted videotape of his interview with police is barred from review, because the issue was not properly preserved in the trial court.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable [this Court] to attain the ends of justice."  The rule serves

- 4 -

"'to protect the trial court from appeals based on undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.'" Jimenez v. Commonwealth, 241 Va. 244, 248-49, 402 S.E.2d 678, 680 (1991) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)).  When an objection is sustained and evidence is rejected, the proponent of the evidence must make a proffer of the excluded evidence to enable the appellate court to review the claimed error under the required harmless error analysis.  See Brown v. Commonwealth, 246 Va. 460, 465, 437 S.E.2d 563, 565 (1993) (citation omitted).  In the absence of the required proffer, the assigned error will not be considered on appeal.  See Williams v. Harrison, 255 Va. 272, 277, 497 S.E.2d 467, 471 (1998) (citation omitted).

In the case before us, Gary states no objection to the court's ultimate rulings.[1]  Furthermore, he agreed that he would

---

[1] When the trial court instructed defense counsel that it would permit only a redacted version of the videotape to be introduced, the following colloquy occurred:

> [DEFENSE COUNSEL]:  I can't understand why the court wants me to redact.  I can do it at lunch.  I think that the entire statement [comes in]. . . .  [W]e can't simply divorce the statements from his bodily reaction and body language . . . .
>
> THE COURT:  I think you can ask him all about that.  But as far as your case, do

redact the videotape during lunch.  See Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999) ("[A] defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position.  No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate -- to invite error . . . and then to take advantage of the situation created by his own wrong." (citations omitted)).  Finally, Gary failed to offer the videotape and made no record of the evidence he was ultimately precluded from presenting.  Absent a complete record, the trial court's decision must be affirmed.  See White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) (citing Woods v. R. D. Hunt & Son, Inc., 207 Va. 281, 287, 148 S.E.2d 779, 783 (1966)).

Furthermore, we find no basis for concluding that the ends of justice require this Court to review the claimed error.  See Atkins v. Commonwealth, 257 Va. 160, 175-76, 510 S.E.2d 445, 455 (1999); Blaylock v. Commonwealth, 26 Va. App. 579, 593-94, 496 S.E.2d 97, 104 (1998); cf. Pierce v. Commonwealth, 2 Va. App.

---

what you want to do with the tape; but if you start to put on your case, you're going to have the same problem.  You know, it's exculpatory information that's . . . inadmissible . . . the jury doesn't know that he's been video taped . . . . So . . . you know what the law is.  You can do whatever you need to do.

[DEFENSE COUNSEL]:  Yes, sir.

- 6 -

383, 388-91, 345 S.E.2d 1, 3-5 (1986) (holding that a portion of a confession irrelevant to the charged offense need not be introduced into evidence).

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed</u>.