COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Clements
Argued at Alexandria, Virginia


ZACHARY THOMAS WYATT

MEMORANDUM OPINION[*] BY

v.   Record No. 0694-00-4     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         MARCH 13, 2001

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PAGE COUNTY
John J. McGrath, Jr., Judge

(Neil E. Motter, on brief), for appellant.
Appellant submitting on brief.

(Mark L. Earley, Attorney General; Richard B.
Smith, Senior Assistant Attorney General, on
brief), for appellee.  Appellee submitting on
brief.


Zachary Wyatt (appellant) was convicted in a bench trial of

attempting to commit animate object sexual penetration, in

violation of Code §§ 18.2-67.2 and 18.2-67.5, and of assault and

battery, in violation of Code § 18.2-57.[1]  On appeal he contends

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The transcript of the trial court's findings indicates that appellant was convicted of CR99F00159, attempted animate object sexual penetration, and CR99M00161, assault and battery, and not guilty of CR99F00160, attempted forcible sodomy.  The order dated December 21, 1999 and signed February 28, 2000 also lists that appellant was convicted of attempted animate object sexual penetration and assault and battery.  However, the sentencing order dated February 28, 2000 indicates in error that appellant was convicted of attempted forcible sodomy (CR99F00160), the charge for which he was found not guilty, and assault and battery.  Therefore, we remand the matter to the

the trial court erred in refusing to allow him to recross-examine the victim.  We disagree and affirm his convictions, subject to remand to correct a clerical error.

## I.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  So viewed, the evidence established that Jeffrey Carver (Carver) was called as a witness by the prosecution.  After direct examination, appellant cross-examined Carver and the Commonwealth's Attorney conducted a re-direct examination.  After the re-direct, the following colloquy took place between the court and appellant's counsel:

> THE COURT:  All right, you may step down, sir.
>
> MR. SHANKS:  I've got a couple more questions, Your Honor, unless you are going to deny me my right to cross-examine on this.
>
> THE COURT:  You have cross-examined him, haven't you?
>
> MR. SHANKS:  I think, Mr. Hennessy had redirect.  I can ask questions in response to Mr. Hennessy's.

---

trial court for the sole purpose of correcting the clerical errors in the trial court's sentencing order.  See Tatum v. Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994).

-

THE COURT: No. He is released.
I will note your exception.

MR. SHANKS: Your Honor, may I please state
my objection, for the record, and the reason
for it?

THE COURT: Go ahead.

MR. SHANKS: I will call this witness as my
own witness. I don't have a summons issued
for him. We are relying on Mr. Hennessy's
witness summons.

THE COURT: You can bring him back. He
won't leave.

MR. SHANKS: Your Honor--

THE COURT: Mr. Hennessy, will you make
certain that he doesn't leave?

MR. HENNESSY: Done, sir.

THE COURT: All right. Good.

MR. SHANKS: For the record, though, I would
like to state that, after Mr. Hennessy's
redirect, I am entitled to recross on the
specific areas that he went into, some of
which were new.
     And to deny the Defendant the
opportunity to cross-examine witnesses that
the Commonwealth presented against him
denies him a fundamental constitutional
right. And unless I am abusing my
opportunity to cross-examine the witness,
then that [sic] an absolute right.

THE COURT: All right. Your exception--

MR. SHANKS: And I am not trying to argue
with the Court, but I don't believe my
attempted cross--

THE COURT: I don't think anything new was
raised in redirect examination. So I don't
see any purpose to be served, or any need
for recross-examination.

-

MR. SHANKS:  If I can point to a specific issue.  Mr. Hennessy raised, for the first time, in redirect, about his faulty memory. And I believe I would be entitled to recross on just whether or not that is self-serving statement, or even a rehearsed statement, by the Commonwealth and the witness, or whether he, in fact, has a perfectly good memory.

THE COURT:  All right.  Your objection is noted.  Who is your next witness, Mr. Hennessy?

## II.

The sole issue raised in this appeal is whether the trial court erred in failing to allow appellant to recross-examine Carver.  It is well established in Virginia that "[o]rdinarily a party cannot, as a matter of right, recross-examine a witness." Atlantic & Danville Ry. Co. v. Reiger, 95 Va. 418, 424, 28 S.E. 590, 592 (1897); see also 1 Charles E. Friend, The Law of Evidence in Virginia § 3-14, at 98 (4th ed. 1993).  "Where a witness has been examined, cross-examined, and re-examined . . . the examination of the witness ought ordinarily to be considered as closed."  Id.  Only if a new matter is brought out upon the re-examination should an opportunity "be given to the opposite party to interrogate the witness as to the new matter."  Id. "Were it otherwise, it is obvious that it would lead to great abuses, in harassing witnesses and protracting trials."  Id.

In the instant case, appellant contends that he was entitled to recross-examine Carver because the Commonwealth first addressed the issue of Carver's faulty memory on re-direct

-

examination.  We note that the record belies this contention.

Carvers' "faulty memory" was covered initially on direct

examination in response to the Commonwealth's question of

whether the appellant or Mr. Moneymaker said anything.  Carver

responded, "Huh-uh.  Not that I know of, no.  Just screaming.

They might have been saying something, but <u>I can't recall right

now</u>."  (Emphasis added.)

Furthermore, appellant made no proffer of the questions he

intended to ask or the answers he expected to elicit on recross.

See <u>Williams v. Harrison</u>, 255 Va. 272, 277, 497 S.E.2d 467, 471

(1998); <u>see also</u> <u>Spencer v. Commonwealth</u>, 238 Va. 563, 570, 385

S.E.2d 850, 854 (1989).  Appellant's desire to test Carver to

see if the statement was a "self-serving statement, or even a

rehearsed statement, by the Commonwealth and the witness, or

whether he, in fact, has a perfectly good memory" is not a

sufficient proffer of the testimony to be elicited.  Because

appellant failed to make such a proffer, we are unable to

determine whether the trial court erred and, if so, whether any

prejudice resulted.  Therefore, we will not consider this issue

on appeal.  <u>See</u> <u>id.</u>  Accordingly, we affirm his convictions.

<u>Affirmed.</u>

-