STATE OF MAINE                         SUPERIOR COURT
                                              CIVIL ACTION
CUMBERLAND, ss.                               DOCKET NO. CV 02-041


BRIAN J. & VICKIE L. MCDONNELL,

        Plaintiffs

        v.                              **ORDER**

UNITED SERVICES AUTO ASSOCIATION,

        Defendants


Before this court are the parties' cross-motions for partial summary judgment, pertaining to Count II of the Complaint entitled "Unfair Trade Practices." Both motions are made pursuant to M.R.Civ.P. 56(c).

## FACTS

On February 12, 2001, on a rainy night, Plaintiff Brian J. McDonnell, wearing a dark leather jacket, crossed a street at an intersection in Alexandria, Virginia. While he was still in the crosswalk, the traffic light holding back traffic changed. A car driven by Gordon L. Dickinson struck Plaintiff McDonnell. As a result of the accident, Plaintiff McDonnell suffered serious bodily injuries, the damages exceeding $300,000.00.

On March 27, 2001, Plaintiff McDonnell notified in writing his own auto insurance carrier, Defendant USAA, that he was making an uninsured or

1

underinsured motorist claim arising out of the accident. In a letter dated April 3, 2001, Defendant USAA denied Plaintiff McDonnell's claim for uninsured or underinsured motorist coverage under his policy because Defendant USAA determined that Plaintiff McDonnell was responsible for the accident. On July 27, 2001, Plaintiff McDonnell asked Defendant USAA for permission to settle his claims with Dickinson's insurers. On November 14, 2001, Plaintiff McDonnell informed Defendant USAA that Dickinson's insurers had tendered their policy limits. On December 3, 2001, Defendant USAA requested an asset check on Dickinson so as to determine if its subrogation rights should be pursued. Between December 28, 2001 and January 21, 2002, Plaintiff McDonnell accepted $50,000.00 from Dickinson's insurers in exchange for releasing all claims. Defendant USAA had never given its permission to Plaintiff McDonnell to settle with Dickinson's insurers.

## DISCUSSION

The Law Court has stated that summary judgment is no longer an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶7, 784 A.2d 18, 21. At the present procedural window, this court must take note of the following:

> A summary judgment is warranted when the statement of material facts and the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶4, 817 A.2d 877, 879 (citing M.R.Civ.P. 56(c), (h)).

The issue is whether Defendant USAA's actions constituted an unfair claims settlement practice that injured Plaintiff McDonnell. The relevant Maine statute states:

> 1. A person injured by any of the following actions taken by that person's own insurer may bring a civil action and recover damages, together with costs and disbursements, reasonable attorney's fees and interest on damages at the rate of 1 1/2% per month;
>
> > A. Knowingly misrepresenting to an insured pertinent facts or policy provisions relating to coverage at issue;
> >
> > B. Failing to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time following receipt of written notice by the insurer of a claim by an insured arising under a policy;
> >
> > C. Threatening to appeal from an arbitration award in favor of an insured for the sole purpose of compelling the insured to accept a settlement less than the arbitration award;
> >
> > D. Failing to affirm or deny coverage, reserving any appropriate defenses, within a reasonable time after having completed its investigation related to a claim; or
> >
> > E. Without just cause, failing to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear.

24-A M.R.S.A. § 2436-A (2000).

In Count II of the Complaint, Plaintiff McDonnell alleges that Defendant USAA knowingly misrepresented aspects of his insurance policy coverage, failed to timely acknowledge and review his claims after he submitted them in writing, and failed to promptly settle his claims in a fair manner. Compl. ¶30. In other words, Defendant USAA essentially violated Title 24-A M.R.S.A. § 2436-A (1) (a), (b), and (e). The statement of material facts does not show that Defendant USAA knowingly misrepresented any pertinent facts or policy provisions related to his insurance coverage. Moreover, the statement of material facts show that

3

Defendant USAA had just cause to refuse to settle the claim because it had a reasonable basis to contest liability, namely because Plaintiff McDonnell may have been more than 50% negligent. Finally, the statement of material facts show that Defendant USAA may not have giving its consent to Plaintiff McDonnell to settle with Dickinson's insurance carriers, but when strictly construing Title 24-A M.R.S.A. § 2436-A this does not constitute a violation thereof. See Marquis v. Family Mut. Ins. Co., 628 A.2d 644, 651 (Me. 1993) (strictly construing 24-A M.R.S.A. § 2436, which was penal in nature).

WHERFORE, this court shall **GRANT** the Defendant's Motion for Partial Summary Judgment and **DENY** the Plaintiff's Motion for Partial Summary Judgment.

Dated: August _ll_, 2003

Roland A. Cole
Justice, Superior Court

4

BRIAN MCDONNELL  -  PLAINTIFF

Attorney for: BRIAN MCDONNELL
JULIAN SWEET
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961

VICKIE MCDONNELL  -  PLAINTIFF

Attorney for: VICKIE MCDONNELL
JULIAN SWEET
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961


vs
UNITED SERVICES AUTOMOBILE ASSOCIATION - DEFENDANT

Attorney for: UNITED SERVICES AUTOMOBILE
ASSOCIATIONN
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00041

**DOCKET  RECORD**

STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-041

BRIAN J. & VICKIE L. MCDONNELL,

Plaintiffs

v.

**ORDER**

UNITED SERVICES AUTO ASSOCIATION,

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

AUG 28 2005

Before this court is the Defendant's motion *in limine* to declare that the tort

issues in the present case will be determined pursuant to Virginia law.

**FACTS**

Plaintiff Brian J. McDonnell is a Maine resident. Defendant United

Services Auto Association (USAA) is a Texas-based auto insurance company

licensed to do business in Maine. Plaintiff McDonnell held an auto insurance

policy issued in Maine by Defendant USAA. The terms of this auto policy

included uninsured motorist coverage, which for purposes of this motion is the

equivalent of underinsured motorist coverage.[1]

---

[1] Maine statutory law provides:

> No policy insuring against liability arising out of the ownership, maintenance or
> use of any motor vehicle shall be delivered or issued for delivery in this State
> with respect to any such vehicle registered or principally garaged in this State,

1

On February 12, 2001, Plaintiff McDonnell crossed a street in Alexandria, Virginia and was struck by an underinsured automobile driven by Gordon Dickinson, a nonparty. As a result of the accident, Plaintiff McDonnell suffered, among other things, traumatic brain injury. Plaintiff McDonnell brought suit against Defendant USAA to recover $250,000.00, the full amount of the uninsured motorist coverage afforded by his policy.

## DISCUSSION

Under Maine statutory law, an automobile liability policy issued in this state must include uninsured vehicle coverage, which is available to an insured when the insured is "legally entitled to recover damages" for bodily injury from an underinsured driver. 24-A M.R.S.A. § 2902(1) (2000). Per the terms of an auto insurance policy, Defendant USAA contracted to pay compensatory damages to Plaintiff McDonnell if he "is *legally entitled to recover* from the owner or operator of an uninsured motor vehicle because of BI sustained by a covered person and caused by an accident." Def.'s Mem. of Law in Supp. of Mot. In Limine to Apply Virginia Tort Law at 2 (emphasis added). The Law Court has also stated that an insured is legally entitled to recover underinsured motorist coverage from her insurance carrier only if she could have asserted a tort claim against the

---

unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, *underinsured* or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle. The coverage herein required may be referred to as "uninsured vehicle coverage." For the purposes of this section, "underinsured motor vehicle" means a motor vehicle for which coverage is provided, but in amounts less than the minimum limits for bodily injury liability insurance provided for under the motorist's financial responsibility laws of this State or less than the limits of the injured party's uninsured vehicle coverage.

24-A M.R.S.A. § 2902(1) (2000) (emphasis added).

2

tortfeasor. <u>Greenvall Maine Mut. Fire Ins. Co.</u>, 1998 ME 204, ¶8, n.6, 715 A.2d 949, 953, n.6.

Whether Plaintiff McDonnell would legally be able to recover damages from the alleged tortfeasor, Gordon Dickinson, depends upon whether Maine's comparative fault statute or Virginia's common law of contributory negligence applies. 14 M.R.S.A. § 156 (2003); <u>Williams v. Harrison</u>, 497 S.E.2d 467, 470 (Va. 1998). Hence, this court must conduct a conflict of laws analysis.

The Law Court has adopted the "most significant contacts and relationship" approach as promulgated in the Restatement (Second) Conflict of Laws §§ 145, 146 (1971). <u>Flaherty v. Allstate Ins, Co.</u>, 2003 ME 72, ¶ 16, 822 A.2d 1159, ___. Normally under the abovementioned approach, this court would apply Virginia law because the accident occurred there, that is, unless Maine had a more significant relationship to the accident or the parties. See <u>id</u>. Defendant USAA points out that not only did the accident occur in Virginia but that Plaintiff McDonnell also resided there, as did the alleged tortfeasor, Gordon Dickinson. However, the facts show that Plaintiff McDonnell was only temporarily residing in Virginia and that his domicile was in Maine. In addition, Gordon Dickinson's mailing address was in Maryland.

When considering the relevant policies of Maine, this court notes that "[t]he legislative intent [of Maine's uninsured vehicle coverage statute] is to benefit all insured motorists by throwing the burden of compensating for injuries which would otherwise go without redress from the individual victim to the insurance industry for a premium." <u>Wescott v. Allstate Ins.</u>, 397 A.2d 156, 166 (Me. 1979). Moreover, this court does not have enough facts to determine that Virginia's pertinent policies outweigh those of Maine. Consequentially, Maine

has a stronger interest in compensating accident victims domiciled in Maine, albeit temporarily residing outside of the state when tragedy strikes, with regards to Maine-issued auto liability policies. See Flaherty, 2003 ME 72, ¶ 21, 822 A.2d at ___.

WHERFORE, this court shall **DENY** the Defendant's Motion *in limine* to apply Virginia tort law.

Dated: August___1___, 2003

Roland A. Cole
Justice, Superior Court

4

BRIAN MCDONNELL  - PLAINTIFF

Attorney for: BRIAN MCDONNELL
JULIAN SWEET
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961


VICKIE MCDONNELL  - PLAINTIFF

Attorney for: VICKIE MCDONNELL
JULIAN SWEET
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961



VS

UNITED SERVICES AUTOMOBILE ASSOCIATION - DEFENDANT

Attorney for: UNITED SERVICES AUTOMOBILE
ASSOCIATIONN
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00041

## DOCKET RECORD

Filing Document: COMPLAINT
Filing Date: 01/24/2002

Minor Case Type: AUTO NEGLIGENCE

## Docket Events:

01/25/2002 FILING DOCUMENT - COMPLAINT FILED ON 01/24/2002
$300 JURY FEE PAID.

01/25/2002 Party(s):  BRIAN MCDONNELL
ATTORNEY - RETAINED ENTERED ON 01/24/2002
Plaintiff's Attorney: JULIAN SWEET

01/25/2002 Party(s):  VICKIE MCDONNELL
ATTORNEY - RETAINED ENTERED ON 01/24/2002
Plaintiff's Attorney: JULIAN SWEET

01/25/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 01/25/2002
SENT TO JULIAN SWEET, ESQ.

01/31/2002 Party(s): UNITED SERVICES AUTOMOBILE ASSOCIATION
OTHER FILING - ENTRY OF APPEARANCE FILED ON 01/31/2002
OF JOHN S. WHITMAN, ESQ. ON BEHALF OF UNITED STATES AUTOMOBILE ASSOCIATION.

01/31/2002 Party(s):  UNITED SERVICES AUTOMOBILE ASSOCIATION
ATTORNEY - RETAINED ENTERED ON 01/31/2002
Defendant's Attorney: JOHN WHITMAN

Printed on: 08/04/2003