**223 JUSTICE McCLANAHAN, concurring.
I agree that the third amended complaint contains sufficient allegations to survive the demurrer. I also agree that the trial court erred in dismissing the third amended complaint because, as the Court concludes, "the continuing nature of a plaintiff's contributory negligence does not automatically bar the application of the last clear chance doctrine."
I write separately to emphasize that, at trial, Gina will bear the burden of presenting sufficient evidence of each element of the last clear chance doctrine to require a jury instruction on last clear chance. Williams v. Harrison , 255 Va. 272, 277, 497 S.E.2d 467, 470 (1998). In over 50 years, "we have declined to require the application of the [last clear chance] doctrine" in those cases where plaintiffs have failed to prove the necessary elements. See id. In fact, since we clarified the last clear chance doctrine in Greear v. Noland Co. , 197 Va. 233, 237-39, 89 S.E.2d 49, 52-53 (1955), we have not required application of the last clear chance doctrine to an "inattentive" victim. Furthermore, although we have held that a victim is not legally "helpless" within the meaning of the last clear chance doctrine when the evidence at trial established that the physical incapacity *563 was produced by voluntarily induced intoxication, Pack v. Doe , 236 Va. 323, 329-30, 374 S.E.2d 22, 25-26 (1988), we have not had occasion to consider whether a similar exception would apply if the evidence at trial established that a victim's inattentiveness was produced by voluntary obstruction of his senses.