No.  04-5745
File Name:  05a0478n.06
Filed:  June 7, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DEXTER MCMILLAN,                                    )
                                                   )
        Plaintiff-Appellant,                       )
                                                   )
v.                                                 )
                                                   )
CLIFFORD FIELDING; JOHN CRUNK;                     )       On Appeal from the United States
VICKY ETHINGTON; KEVIN MYERS; JIM                  )       District Court for the Middle
ROSE; LINDA ROCHELL; DEBRA                         )       District of Tennessee
CASTEEL; DON HOWARD; GREG                          )
ABRAMS; LONZO DUNCAN; BRANDON                      )
MALONEY; JEFFREY SPICE; HEATHER                    )
ELZEY,                                             )
                                                   )
        Defendants-Appellees.                      )

Before:  MARTIN and ROGERS, Circuit Judges; FORESTER, Chief District Judge.[*]

        Dexter McMillan, a Tennessee prisoner who has been released from prison proceeding pro

se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983

under 12(b)6.  The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of

the Sixth Circuit.  The panel unanimously agrees that oral argument is not needed.  Fed. R. App. P.

34(a).

        At the time this action allegedly arose, McMillan was a prisoner confined at the South

Central Correctional Facility in Clifton, Tennessee.  He filed this civil rights action against Warden

Kevin Myers, Sgt. Jeffrey Spice, and Corrections Officer Heather Elzey, along with other prison

officials, alleging violations of his due process rights under the Fourteenth Amendment in

---

[*]The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District
of Kentucky, sitting by designation.

connection with a prison disciplinary action. He seeks declaratory relief and monetary damages.

McMillan alleges that Officer Elzey took a check from his legal mail and had it put into his trust fund account against his wishes, then falsely cited McMillan for interfering with an officer's duties. McMillan notes that Sgt. Spice served on a disciplinary panel that found him guilty of the violation, and he claims that Spice found him guilty in retaliation for a previous lawsuit he filed against Spice. Finally, McMillan alleges that Warden Kevin Myers affirmed the false charges. As a result of this disciplinary action, McMillan claims he was held in lockdown for ten days, deprived of package privileges for nine months, fined $4.00, and denied parole because of the false charges. The defendants moved to dismiss for failure to state a claim. The magistrate judge found that McMillan failed to state a claim and recommended granting the defendants' motion in his Report and Recommendation. Over McMillan's objections, the district court adopted the magistrate judge's Report and Recommendation, adding that 42 U.S.C. § 1983 is not a remedy for addressing the taking of property if a post-deprivation remedy is available. This appeal followed.

McMillan identifies four issues in this appeal: 1) that his rights were violated when his check was cashed without his permission; 2) that his due process rights were violated when Officer Elzey leveled false charges against him; 3) that Sgt. Spice found him guilty in an act of retaliation; and 4) that he should have been appointed counsel.

We conclude that the district court properly dismissed McMillan's claims. Whether a district court properly dismissed a suit pursuant to Rule 12(b)(6) for failure to state a claim is a question of law subject to de novo review. *See Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). In reviewing the dismissal of a complaint for failure to state a claim, this court accepts all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

We believe the district court properly dismissed McMillan's complaint for failure to state a claim. The district court noted that 42 U.S.C. § 1983 is not a remedy for addressing the taking of property if a post-deprivation remedy is available. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). This is true even if the

deprivation is intentional. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). As the district court noted, the state of Tennessee does provide an adequate post-deprivation remedy for takings of property. *Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985). McMillan did not allege that he attempted any post-deprivation remedies or that they were inadequate. Thus, McMillan did not state a due process claim with regard to his property.

McMillan's complaint with regard to the false charges fails to state a Fourteenth Amendment claim. A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Ten days in lock up, the loss of package privileges, and a $4.00 fine do not constitute an atypical and significant hardship in the context of prison life. Even if McMillan had a liberty interest in remaining free from lock up, loss of package privileges, and a fine, his due process right was fulfilled by his disciplinary hearing. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).

To the extent that the duration of McMillan's sentence was affected by the disciplinary action, he may not challenge it with a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. *Id.* at 646. A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction. *Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000), *overruled in part by Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (*Heck* does not apply if the prisoner's lawsuit does not threaten any consequence for the plaintiff's conviction or the duration of his sentence). McMillan does not explain the connection between his disciplinary conviction and his parole, but

to the extent that his parole was affected, McMillan may not invoke § 1983 to challenge the disciplinary conviction until the conviction is overturned.

McMillan does not state a retaliation claim. McMillan contends that Sgt. Spice retaliated against him by finding him guilty of the false charges because McMillan had filed a previous lawsuit against Spice. The district court held that McMillan's assumptions regarding the defendant's motivation were purely conclusory. Bare allegations of malice do not suffice to establish a constitutional claim. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). McMillan's allegations that Spice was motivated to retaliate against him in a disciplinary hearing because of a previous lawsuit, without more, are too attenuated to support a retaliation claim.

Concerning McMillan's last issue, the general rule is that the appointment of counsel in a civil case is within the discretion of the court. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). The district court did not abuse its discretion by declining to appoint counsel to represent McMillan in the proceedings below since McMillan's civil rights action fails to state a claim upon which relief may be granted. *See Glover*, 75 F.3d at 268; *Childs*, 822 F.2d at 1384.

Even when all of McMillan's factual allegations are accepted as true, he can show no set of facts in support of his claims which would entitle him to relief. *See Lewis*, 135 F.3d at 405.

Judgment affirmed.