PRESENT: All the Justices

JOHN ALBERT ANDERSON

v. Record No. 171562

OPINION BY
JUSTICE D. ARTHUR KELSEY
MARCH 21, 2019

JEFFREY N. DILLMAN, WARDEN,
FLUVANNA CORRECTIONAL CENTER FOR WOMEN, ET AL.

FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Paul W. Cella, Judge

John Albert Anderson, an inmate in a Virginia prison, filed suit under 42 U.S.C. § 1983, claiming that prison officials had violated his due process rights during a prison disciplinary proceeding that resulted in a $10 fine. The circuit court dismissed the case on demurrer. Finding no violation of Anderson's due process rights, we affirm.

I.

"Because this appeal arises from the grant of a demurrer, we accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018). That interpretative deference, however, requires us to "distinguish allegations of historical fact from conclusions of law. We assume the former to be true *arguendo*, but we assume nothing about the correctness of the latter because 'we do not accept the veracity of conclusions of law camouflaged as factual allegations or inferences.'" *Id.* at 359 (emphasis in original) (citation omitted). "Instead, we review all conclusions of law de novo." *Id.* (citation omitted).

So viewed, Anderson's complaint alleged that prison officials at the Deep Meadows Correctional Center had conducted a drug test requiring all inmates in Anderson's dormitory to provide urine samples. After testing positive for opiates, Anderson was charged under prison disciplinary rules with being under the influence of drugs. Prior to his disciplinary hearing,

Anderson requested a chain-of-custody report, an access log for the drug test results, and a list of his current medications. The hearing officer who conducted the disciplinary hearing postponed the proceeding to contact prison medical staff to determine whether Anderson's medications, either individually or in combination, could create a false-positive test result. The prison medical staff advised the hearing officer that none of Anderson's medications could create a false-positive test result. Without providing the requested documents to Anderson, the hearing officer advised Anderson of the medical staff's opinion. Based upon this opinion, the hearing officer found that Anderson had violated prison regulations and imposed a $10 fine.

After exhausting his administrative appeals, Anderson filed an action under 42 U.S.C. § 1983 against several prison officials (including the hearing officer) alleging deprivations of his procedural due process rights. The circuit court granted the defendants' demurrer, finding that Anderson had failed to allege sufficient personal involvement on the part of the prison's chief correctional officer,[1] that the disciplinary proceeding had not deprived Anderson of any due process rights, and that all of the defendants were entitled to qualified immunity. Anderson appeals, claiming among other things that the circuit court erroneously held that his allegations did not state a viable due process claim. We limit our analysis to this issue, finding it wholly dispositive of this appeal.[2]

---

[1] The circuit court also dismissed Anderson's claims against the Warden of the prison on this ground, but Anderson does not assign error to that ruling.

[2] On brief, the appellees point out that settled law precludes the use of respondeat superior principles in § 1983 litigation, *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), and that, absent a showing of a violation of clearly established law, the appellees would be protected by qualified immunity, *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The appellees also contend that quasi-judicial immunity bars Anderson's claims against the hearing officer. *See Segarra v. McDade*, 706 F.2d 1301, 1306-07 (4th Cir. 1983); *Ward v. Johnson*, 690 F.2d 1098, 1104-09 (4th Cir. 1982) (en banc). Given our holding, we need not address these issues.

II.

We begin with the observation that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, prison disciplinary proceedings do not implicate a constitutionally protected liberty interest unless they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (contrasting the alleged deprivation to "the ordinary incidents of prison life" (quoting *Sandin*, 515 U.S. at 484)); *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996) (en banc) (applying *Sandin*).[3]

What is true for liberty interests, some courts have held, must also be true for property interests. *See Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010) (applying the *Sandin* requirements to an asserted property interest in a prison trust account); *McMillan v. Fielding*, 136 Fed. Appx. 818, 820 (6th Cir. 2005) ("Ten days in lock up, the loss of package privileges, and a $4.00 fine do not constitute an atypical and significant hardship in the context of prison life."); *Cosco v. Uphoff*, 195 F.3d 1221, 1223 (10th Cir. 1999) (applying the *Sandin* requirements to an asserted property interest in hobby and legal materials kept in cells). Though other courts have

---

[3] *See, e.g.*, *Martin v. Duffy*, 858 F.3d 239, 253-54 (4th Cir. 2017) (applying the *Sandin* requirements and concluding that the plaintiff had not "allege[d] sufficient facts to state a plausible due process claim" based upon his placement in segregation), *cert. denied*, 138 S. Ct. 738 (2018); *Prieto v. Clarke*, 780 F.3d 245, 248-55 (4th Cir. 2015) (articulating and applying the *Sandin* requirements in the context of confinement on death row); *Backus v. Ward*, 151 F.3d 1028 (4th Cir. 1998) (unpublished table decision) (applying the *Sandin* requirements and concluding that a prisoner "did not have a constitutionally protected liberty or property interest in his prison job").

applied more favorable standards to claimed deprivations of property interests,[4] this view has been criticized as an "elevation of an inmate's property rights over his liberty rights." *Burns v. Pennsylvania Dep't of Corr.*, 544 F.3d 279, 296 (3d Cir. 2008) (Hardiman, J., dissenting).

To resolve this case, however, we need not differentiate between Anderson's alleged liberty and property interests because, to the extent that either was implicated, Anderson has not asserted a legally viable due process claim. In a prison disciplinary proceeding, the only process due to an inmate is: (i) "written notice of the charges" and 24 hours to prepare his defense, (ii) "a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action," and (iii) the ability "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-66 (citation omitted); *see also Dilworth v. Adams*, 841 F.3d 246, 253 (4th Cir. 2016).

Focusing on the last requirement in *Wolff* — the opportunity to present evidence — Anderson contends on appeal that his due process rights were violated when the hearing officer failed to produce the requested chain-of-custody report and list of medications prior to or during the disciplinary hearing.[5] We disagree.

In a criminal trial in which the issue to be decided is a defendant's guilt or innocence, the defendant has "no general constitutional right to discovery." *Commonwealth v. Tuma*, 285 Va. 629, 635 (2013) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). All the more this

---

[4] *See, e.g.*, *Burns v. Pennsylvania Dep't of Corr.*, 544 F.3d 279, 293 (3d Cir. 2008) (finding that "*Sandin* and its progeny do not control" in a case involving an asserted property interest in an inmate account); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (stating that "[*Sandin*] did not instruct on the correct methodology for determining when prison regulations create a protected property interest").

[5] On appeal, Anderson offers no argument regarding the nondisclosure of the access log. Therefore, we do not address this item of documentary evidence.

4

must be true in the lesser context of a prison disciplinary proceeding.  Consider, too, that the erroneous exclusion of evidence during a criminal trial implicates due process principles only when the error is of such magnitude as to deny fundamental fairness.  *See, e.g.*, *Clark v. Arizona*, 548 U.S. 735, 770-71 (2006) (applying "the standard of fundamental fairness that due process requires"); *Ward v. Johnson*, 690 F.2d 1098, 1109 (4th Cir. 1982) (en banc) (applying the same standard of "fundamental fairness").  Any lesser standard would risk equating erroneous evidentiary rulings with constitutional violations and would turn every decision to deny a pretrial discovery request or to sustain an objection to evidence at trial — if later determined to be mistaken — into a due process violation.  The same conclusion a fortiori must be true where, as here, an inmate challenges a prison disciplinary sanction.

In addition to demonstrating a denial of fundamental fairness, for an exclusion of evidence to amount to a constitutional violation one must also demonstrate how the exclusion *prejudiced*, if at all, his right to a fundamentally fair proceeding by *affecting the ultimate result* to some discernable degree.  *See, e.g.*, *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) (recognizing prejudice as a requirement for proving a violation of the due process right to exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963)); *Workman v. Commonwealth*, 272 Va. 633, 644-45 (2006) (same).  A similar requirement governs exclusions violative of state evidentiary rules.[6]  This cause-and-effect principle of prejudice factors into every § 1983 claim for compensatory damages.  *See, e.g.*, *Carey v. Piphus*, 435 U.S. 247, 257-

---

[6] *See, e.g.*, *Commonwealth Transp. Comm'r v. Target Corp.*, 274 Va. 341, 348-49 (2007) (exclusion of documentary evidence); *Holles v. Sunrise Terrace, Inc.*, 257 Va. 131, 135 (1999) (exclusion of expert testimony); *Williams v. Harrison*, 255 Va. 272, 277 (1998) (limitation on cross-examination); *Brown v. Commonwealth*, 246 Va. 460, 464-65 (1993) (limitation on cross-examination); *Tazewell Oil Co. v. United Va. Bank/Crestar Bank*, 243 Va. 94, 112 (1992) (denial of post-trial discovery in civil case); *Davis v. Commonwealth*, 230 Va. 201, 204-05 (1985) (admission of evidence not provided in response to a discovery request in a criminal case).

58, 263-64 (1978) (concluding that an award of compensatory damages requires a showing that the claimed violation actually caused harm to the claimant); *Cochran*, 73 F.3d at 1317 ("A prisoner must also identify an actual injury resulting from official conduct.").[7]

In this case, Anderson's allegations fall far short of demonstrating that his prison disciplinary hearing was fundamentally unfair or that he suffered any prejudice. At no point, either in the circuit court or on appeal, has Anderson proffered what the chain-of-custody report or list of medications would have proven. He has never alleged that the report would have shown a gap in the chain of custody or that it would have provided any other basis for exonerating him of the charge. Nor has Anderson identified any medications that he was taking that could have produced a false-positive test result for opiates. Even so, the hearing officer took that possibility seriously. He independently investigated the question and confirmed with prison medical staff that Anderson's prescribed medications, either alone or in combination, could not have created a false-positive test result. Anderson has never alleged facts that, if true, would have refuted these investigatory findings of the hearing officer. Even if Anderson had a due process right to receive the requested documents, he has offered no factual basis to believe that their nondisclosure rendered his disciplinary hearing fundamentally unfair or, for that matter, prejudiced him in any way.

### III.

Because we find that Anderson suffered no due process violation, we affirm the circuit court's denial of his claims on demurrer.

*Affirmed.*

---

[7] Anderson does not claim that the circuit court erred by failing to award nominal damages.